IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | § § | |
| **Plaintiff,** | § | Civil Action Case No. 4:19-CV-01720 |
| Vs. | § § § § | |
| **John Johnston,** | § § | |
| **Defendant** | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant, John Johnston , ("Defendant"), hereby responds to the Original Complaint [DE 1] of Plaintiff, MALIBU MEDIA, LLC ("Plaintiff") by asserting his answer, affirmative defenses, and counterclaims as follow:

## ANSWER TO NUMBERED ALLEGATIONS OF VERIFIED COMPLAINT

### Introduction

1. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1;

2. Defendant denies the allegations in paragraph 2;

3. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies them;

### Jurisdiction and Venue

4. Defendant admits that the subject matter is a federal question and that this court has jurisdiction over the subject matter, but denies that venue is proper in the Houston Division of the Southern District of Texas;

5. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies them;

6. Defendant denies of the allegations contained in paragraph 6;

7. Defendant denies that venue is proper in Houston, TX;

1

## Parties

8. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them;

10. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies them;

## Factual Background

11. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies them;

12. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies them;

13. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies them;

14. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies them;

15. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies them;

16. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies them;

17. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies them;

18. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies them;

19. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies them;

20. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies them;

21. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies them;

22. Defendant lacks information sufficient to form a belief as to the truth of the allegations

contained in paragraph 22 and therefore denies them;

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies them;

24. Defendant denies allegations set forth in paragraph 24;
25. Defendant denies allegations set forth in paragraph 25;
26. Defendant denies allegations set forth in paragraph 26;

## Miscellaneous

27. Defendant denies allegations set forth in paragraph 27;
28. Defendant denies allegations set forth in paragraph 28;

## COUNT I

### Direct Infringement Against Defendant

29. Defendant hereby responds to the re-alleged allegations contained in paragraphs 1 – 28 in the exact fashion set forth in Defendants' responses contained in paragraphs 1 – 28, *supra*;
30. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them;
31. Defendant denies allegations set forth in paragraph 31;
32. Defendant denies allegations set forth in paragraph 32;
33. Defendant denies allegations set forth in paragraph 33; and
34. Defendant denies allegations set forth in paragraph 34.

All previous allegations in the Complaint neither admitted nor denied or which are not contained in numbered paragraphs are hereby denied.

## GENERAL DENIAL

Defendant hereby denies each and every allegation, claim or prayer for relief except as expressly admitted herein and demand strict proof thereof.

Defendant denies all of the allegations contained in the WHEREFORE clause. To the extent the WHEREFORE clauses can be suggested to seek relief from the Defendant, Defendant denies that such relief is available.

Defendant is entitled to recover attorneys' fees and costs incurred in this action from Plaintiff and further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

For a torrent to be downloadable to peers in the swarm, one seeder – who has a complete copy of all the files in the torrent – must initially join the swarm so other users can download the data.

There is no notice to the peers that the initial seed is an unauthorized copy of the file.

The tracker monitors the IP addresses within the swarm including the initial seeder who uploaded the file for distribution.

Plaintiff directly monitors the swarm's IP addresses

The initial seeder uploads and causes the distribution of the copyrights works.

The peers form the connection through the bitorrent protocol that automatically transmits bits of the uploaded files from the initial seeders across the internet.

*1.* **Failure to State a Claim Upon Which Relief Can Be Granted**. Plaintiff's Original Complaint fails to state a claim upon which relief can be granted in that the applicable statute of limitations has expired on plaintiff's works. In addition, plaintiff's Original Complaint fails to adequately state facts, rather than a conclusion, establishing any relation between the alleged BitTorrent swarm(s) and the IP address plaintiff asserts is related to defendant. As such, plaintiff's Original Complaint fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Plaintiff has no evidence showing that any defendant was the account holder for IP address 47.210.145.4 during the alleged hits stated in Exhibit A annexed to the Original Complaint. Several courts have addressed the fact that an IP address alone is insufficient to identify a defendant for copyright infringement. *See Malibu Media v Joe Park, 2:17-cv-12107, (New Jersey 2017) (Court denied default judgment); See also Strike 3 Holdings, LLC v Doe, 351 F.supp.3d 160 (D.D. C 2018)*

(Court dismissed case); See also Cobbler Nevada LLC v Gonzalez, 901 F.3d 1142, 1145 (9th Cir. 2018) (Court dismissed case).

2.  Defendant submits that plaintiff have failed to state a claim because in paragraph 9 the plaintiff admits to stating that it has identified defendant through its IP Address. The defendant's IP Address alone is insufficient to show that it uploaded and distributed files through a BitTorrent Website. Additionally, the hash files are insufficient evidence of a complete download or upload. The Bittorrent Website as an internet service provider has a safe harbor under section 512 of the copyright act. Bitorrent websites provides transitory digital network communications and uses the swarm to transmit bits and pieces of the files to the peers in the swarm. Thus if the Bittorrent website is protected than so are the peers in the swarm.

3.  Any damage suffered by plaintiff was due to conduct of third parties or the co-defendants over whom defendants had no control, which conduct intervened and superseded any conduct or negligence of these defendants. Those other parties would be the actual person(s) other than these defendants who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims these defendants participated in.

4.  **Laches.** Plaintiff's claim is barred by the doctrine of laches as plaintiff made no attempt to enjoin the file-sharing practices of which it complains. Plaintiff's inaction or ineffectiveness in preventing the practices of the users of BitTorrent websites, has allowed members of the public to justifiably assume that any such file-sharing was a completely legal practice. Plaintiff alleges that the file-sharing activity of plaintiff's copyrighted material in defendants' premises began in December 17, 2018 and continued until March 3, 2019. However, plaintiff chose not to file its Complaint until May 5, 2019. Instead of acting in a timely manner to curtail the statutory damages, plaintiff decided to passively watch the IP address which cause higher statutory damages. Had

plaintiff acted sooner, through a DCMA to internet service provider or file suit damages it could have decreased the amount of damage and deterred further infringements. Plaintiff's delay in pursuing this suit led to additional alleged infringements. Plaintiff's delay and inaction was inexcusable and prejudicial to defendants and occupants of defendants' premises.

5. **Doctrine of Unclean Hands.** Plaintiff's claim is barred by the doctrine of unclean hands since, upon information and belief, plaintiff or its affiliates, intentionally seeded the internet with its digital files with the purpose of generating litigation. Additionally, plaintiff's use of its copyrights violates public policy.

6. **Doctrine of Estoppel**. Plaintiff's claim is barred by the doctrine of estoppel since, upon information and belief, plaintiff or its affiliates, intentionally seeded the internet with its digital files with the purpose of generating litigation. Plaintiff 's misconduct of seeding the files and defendant's reliance on the fact that Plaintiff failed to send DCMA notice to cease the alleged copyright infringement forms the basis of the estoppel affirmative defense.

7. **Failure to Mitigate Damages.** Any damages suffered by plaintiff as a result of circumstances pled in plaintiff's Original Complaint were the direct result of plaintiff's failure to take reasonable action to prevent damages, and by such failure, plaintiff failed to mitigate any damages. Plaintiff is aware that the individuals that the plaintiff pursues typically download multiple works. However, plaintiff chose not to stop the infringement when it began; but decided instead to wait until there were more alleged downloads. Plaintiff could have taken steps at the beginning to prevent future downloads, including, but not limited to, sending a DMCA notice through defendant's Internet Service Provider or filing its lawsuit timely. Instead, plaintiff chose to do nothing as the number of downloads increased. As a result, plaintiff inflicted greater damage upon itself, through its inaction

and inexcusable delay.  Plaintiff failed to send DCMA notice to the Defendant's bittorrent online service provider.

8.      **Failure to Join an Indispensable Party.** Plaintiff has failed to join parties without whom the action cannot proceed, and defendants reserve the right to move to dismiss due to plaintiff's failure to join indispensable parties. Those parties would be the actual initial seeders who directly caused the infringement of the plaintiff's works along with the Bittorrent website that allowed the infringement to occur.  The initial seeder causes the infringement and the tracker/severs of the Bittorrent software automatically distributes the files through the swarm for downloading.

9.      **Works in Public Domain.** The contents of plaintiff's works are in the public domain since, upon information and belief, plaintiff or its affiliates, intentionally seeded the internet with its digital files with the purpose of generating litigation. Through inaction or conduct of the plaintiff, the plaintiff has knowingly provided an implied license to the initial seeder to provide X-Art Films on the internet for free.

10.     **Defendant's use Deminis** Any copying or use of any of plaintiff's works by defendants was de minimis. Plaintiff lacks any evidence that defendant IP address was actually associated with any initial seeding, uploading and distribution of a copyrighted work. Plaintiff lacks evidence as to extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant. The bittorrent protocol performs the transmission of the bits of the files.

11.     **Innocent Infringer**. Plaintiff's claims are barred because even if plaintiff was able to show that defendant was the actual infringer in this matter, Defendant acted in good faith as an

innocent infringer under section 504 of the copyright act and without any intent to infringe Plaintiff's work. Upon information and belief, none of the plaintiff's works contained any form of copyright notice if and when distributed through the BitTorrent.

12. **Fair Use.** Any copying or use of any of plaintiff's works by defendants was fair use since, upon information and belief, plaintiff or its affiliates, intentionally seeded the internet with its digital files with the purpose of generating litigation. Defendant's use of any works was non-commercial, and the work was of a kind that was routinely shared for free by producers of such films.

13. **Implied License.** Plaintiff has forfeited its rights in the works alleged in the Original Complaint since, upon information and belief, plaintiff or its affiliates, intentionally seeded the internet with its digital files with the purpose of generating litigation. Through its conduct plaintiff provided the initial seeder and the bittorrent website the right to transmit its X-art Films for free.

14. **Copyright Misuse.** Plaintiff has misused its rights of the works alleged in the Original Complaint since, upon information and belief, plaintiff or its affiliates intentionally seeded the internet with its digital files with the purpose of generating litigation. Plaintiff's use of its copyrights violates public policy because the plaintiff seeks to gain revenue through litigation instead of through its website monthly or yearly subscriptions.

15. **Abandonment.** Plaintiff has abandoned the copyrights of the works alleged in the Original Complaint since, upon information and belief, plaintiff or its affiliates, intentionally seeded the internet with its digital files with the purpose of generating litigation. Additionally, plaintiff failed to send a DCMA notice to the online service provider hosting the hash files identified in the complaint.

16. **Set off.** On information and belief, plaintiff has received thousands of dollars in settlements from Doe defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which plaintiff alleges defendants participated. As a result, defendants are entitled to a set-off of all monies collected by plaintiff for the same works and alleged BitTorrent swarm(s) plaintiff alleges these defendants was a participant in which plaintiff has settled or will settle in the future with other individuals.

17. Plaintiff reserves the right to amend and allege additionally affirmative defenses under FRCP 8 (c) based upon discovery.

## COUNTERCLAIM
(Abuse of Process)

18. Defendants/counterclaimants incorporate by reference all allegations made in their Affirmative Defenses to plaintiff's Original Complaint.

19. Plaintiff pleaded claims for copyright infringement despite knowing that an IP address alone is insufficient to identify an infringer. Through investigation Plaintiff has knowledge of the initial seeders and BitTorrent sites that is uploading and distributing its X-Art Films. Instead of targeting the initial seeders and Bittorrent Websites it targets members of the swarm who has no knowledge of the transmission protocol that is used. Plaintiff has filed several claims that have been dismissed by other courts throughout this country. Several other districts have dismissed their complaints for failure to state of claim.

20. Upon information and belief, X-Art.com charges a set fee for the year for downloads that is significantly less than online subscription fees. With these massive lawsuits throughout the country, Plaintiff is seeking a windfall in statutory damages. One court compared plaintiff's actions to smacking extortion as well as using the court as an ATM system.

21.     In filing its Original Complaint, plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose in an attempt to obtain a result not intended by law, to wit: (1) to extract money from defendants/counterclaimants by leveraging the lawsuit as a form of public disparagement and humiliation; and (2) monetary damage relative to the expense of defending this frivolous action.

22.     Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

23.     Plaintiff intentionally failed to disclose and conceal pertinent and material information regarding plaintiff's knowledge of the falsity of certain claims and the ulterior or illegitimate purpose for which the Complaints were employed.

24.     Specifically, plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

   a. Plaintiff instituted the original action without any genuine intent to proceed against defendants herein, but rather as a vehicle to obtain discovery of the identity and contact information of defendants and others;

   b. Plaintiff knows it has no basis for naming defendants/counterclaimants as the infringer, yet continues to assert the claims against him;

   c. Plaintiff assert its claims in order to influence the conduct of defendants in ways that are not related to the merits of its claims;

   d. Plaintiff used the completed service to publicly shame defendant(s).

25.     Plaintiff's service of process facilitated these ulterior purposes.

26. As a direct and proximate result of plaintiff's conduct, defendants/counterclaimant have been forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

27. Plaintiff's actions were performed knowingly, intentionally and maliciously, by reason of which defendants are entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial of which defendants are entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial.

WHEREFORE, defendants/counterclaimants demand judgment against Malibu Media, LLC, as follows:

A. That plaintiff take nothing by the Original Complaint and that the same be dismissed with prejudice;

B. Declaring that defendants/counterclaimants are not liable for directly infringing plaintiff's copyright;

C. That plaintiff has misused its copyrights and that they should be invalidated;

D. Awarding defendants/counterclaimants their costs and reasonable attorneys' fees incurred this action;

E. Awarding defendants/counterclaimants all damages that they have sustained as a consequence of Malibu Media's acts complained of herein; and

F. Granting such other and further relief as the Court deems appropriate

### JURY TRIAL DEMAND

Defendant demands trial by jury on all issues so triable

Respectfully Submitted,

Dated: December 10, 2019 \_\_\_/s/Delphine James_____
Delphine James
dmjamesjd@aol.com
**Delphine James PLLC**
2616 S. Loop W. Fwy Ste: 415
Houston, TX 77054
Telephone (713) 661-4144
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 10_, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: ___/s/Delphine James_____
      Delphine James