United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
December 30, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| Malibu Media, LLC, | § | |
|     Plaintiff, | § § § | |
| versus | § § | Civil Action H-19-1720 |
| John Johnston, | § § § | |
|     Defendant. | § | |

## Order Striking Affirmative Defenses

1. *Introduction.*

   Malibu Media, LLC, sued John Johnston for infringing its copyrighted videos. In his answer, John Johnston asserts fourteen affirmative defenses. All will be struck because they are not supported by fact or law.

2. *Failure to State a Claim.*

   John Johnston says that Malibu Media does not give facts that support its copyright infringement claim. Copyright infringement requires that (1) Malibu Media owns a valid copyright and (2) that the defendant has infringed.

   Malibu Media has certificates from the Copyright Office showing that it owns the copyrights, satisfying the first element. It included an exhibit in its complaint showing the 99 videos that Johnston downloaded, copied, and distributed. It subpoenaed the internet provider that services the IP address on the illegal downloads to connect it to John Johnston. These facts support a claim for copyright infringement.

Johnston also says that the statute of limitations has run. The limitation on copyright infringement is three years. Malibu Media included the date on which it connected with Johnston's computer and found the copied files – the earliest date listed is December 12, 2017, within the three-year period.

3. *Laches.*

Johnston says Malibu Media has not tried to stop the illegal distribution of its copyrighted videos. It has – it sued Johnston, like the many other infringers of its videos, to stop the illegal distribution of its videos.

Johnston suggests that Malibu Media should focus its attention on stopping the BitTorrent software Johnston used to distribute the videos. BitTorrent software is not illegal – it is used in many productive, legal ways. It is the users, not the software itself, that infringe. It is widely known that BitTorrent can be used to share things illegally; the notion that the "public can justifiably assume" that anything they find on the internet is legal is preposterous.

4. *Unclean Hands, Estoppel, Failure to Mitigate Damages, Public Domain, Fair Use, Implied License, Copyright Misuse, and Abandonment.*

Johnston imagines, without a shred of evidence, that Malibu Media has concocted an elaborate scheme to lure innocent people into its trap where they will watch its porn so that it can sue them. He uses this theory to plead the affirmative defenses of unclean hands, estoppel, failure to mitigate damages, public domain, fair use, implied license, copyright misuse, and abandonment. He says that these claims can be further investigated during discovery.

Johnston simply has no evidence to support this theory. Nothing suggests that Malibu Media was derelict with its videos, that it encourages illegal distribution, or that it fraudulently induced people into watching it. He may not do discovery on wild, unfounded speculation that is completely unsupported.

5. *Failure to Join an Indispensable Party.*

Malibu Media is not limited to suing the initial uploader of the video, as Johnston suggests. It may sue *anyone* who infringes its copyright. This case can proceed on Johnston's infringement without regard to the person that originally uploaded the copyrighted video. Johnston's infringing is a distinct, separate offense for which Malibu Media may recover.

6. *De Minimus.*

Johnston has stolen and distributed 99 of Malibu Media's movies. This is more than a mere fragment of a part of a movie, but 99 distinct and complete titles – more than enough to be considered substantial infringing.

7. *Innocent Infringer.*

Johnston claims he is an innocent infringer. Innocent infringers are people that had no reason to believe their conduct was infringing in cases of occasional and isolated infringing. Johnston's acts were not occasional or isolated – they were constant and numerous over a period of almost three years.

8.   *Offset.*

Johnston thinks that his penalties should be offset by the money collected by Malibu Media from other infringers. This is not how it works. Malibu Media has sued Johnston for *his* infringing – if he infringed, he will be individually liable for the damage he has caused. His penalties cannot be offset by other infringers of the same videos.

John Johnston's affirmative defenses are struck. (37)

Signed on December 30, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge